ROBERT S. BREWER, Jr.
United States Attorney
TIMOTHY F. SALEL
Assistant United States Attorney
California Bar No. 163597
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8055
Email: Timothy.Salel@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | Case No. 20CR2451-WQH |
|---|---|
| v. | JOINT MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY |
| GREY ZAMUDIO, | |
| Defendant. | |

COMES NOW the UNITED STATES OF AMERICA, by and through its counsel, Robert S. Brewer, Jr., United States Attorney, and Timothy F. Salel, Assistant United States Attorney, and defendant GREY ZAMUDIO, by and through his counsel, Leila W. Morgan, Esq., of Federal Defenders of San Diego, Inc., hereby jointly move pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3771(a), for this Court to enter a protective order in order to: (1) prevent premature and unwarranted disclosure of evidence to other potential targets, subjects, witnesses, and unrelated third parties, (2) protect against disclosure of sensitive medical information, personally identifiable information, and other information that may infringe on privacy interests of victims and other third parties, and (3) protect agents, witnesses, and their respective family members from reprisal.

1. The Indictment in this case charges defendant GREY ZAMUDIO, with three counts of possession of a firearm, in violation of 26 U.S.C. § 5861(d), 5845(a), and 5871.

2. The Government's investigation remains ongoing with respect to additional crimes and additional defendants.

3. The discovery to be provided by the Government includes sensitive information, whose unrestricted dissemination could adversely affect law enforcement interests in pending investigations and the privacy interests of third parties. The discovery to be provided by the Government may include name(s), person identifiable information ("PII" such as Social Security numbers, and dates of birth), contact information, financial records, and other private information about victims, witnesses, and other individuals. The discovery may also include sensitive information, including medical information related to defendant, potential witnesses, and others. Unauthorized, or even inadvertent, dissemination of the information could expose the defendant, Government agents, and witnesses to potential criminal activity or threats, and could significant harm their dignity and privacy interests. 18 U.S.C. §§ 3771(a)(1), and (8).[1] The PII itself could be used, sold, or traded to cause further economic harm to the victims and other third parties.

3. Redaction of all sensitive information would be impracticable because of the volume and complexity of discovery, and because of the relevance of common law victim identities in different sets of

---
[1] Under 18 U.S.C. §§ 3771(1) and (8), crime victims have (1) the right to be "protected from the accused," and (2) the right to be "treated with fairness and with respect for the victim's dignity and privacy."

2

documents, such as victim interview reports, and bank records. The Government seeks to produce this sensitive to defense counsel without significant redactions, but with the protections set forth in the proposed protective order.

4. Recognizing the sensitivity of the discovery and the privacy interests of the victims and other third parties, the parties hereby move that the defendant, defense counsel, paralegals, investigators, law clerks, secretaries, experts, assistants, interpreters, office personnel and employees shall not disclose the substance of any discovery material received from the Government, including all reports, financial records, and other documents, to any third party, unless such material is already a matter of public record, without prior approval of this Court. Defense counsel and her paralegals, law clerks, secretaries, experts, investigators, assistants, interpreters, office personnel and employees, agree to review discovery with the defendant, and **shall not provide a copy of any discovery to defendant**, **or leave a copy of the discovery with defendant**. The undersigned Assistant U.S. Attorney agrees to periodically meet-and-confer with defense counsel to determine the extent to which certain discovery may be provided to defendant with appropriate redactions, in the future.

5. The parties further move and agree that the discovery produced by the United States Attorney, Assistant United States Attorneys, paralegals, law clerks, and legal assistants assigned to this case (hereafter collectively referred to as "the Government") may not be copied, reproduced, or further disseminated in any way or any other person or entity who is not a part of the defense team including defense counsel, paralegals, law clerks, secretaries, experts, investigators,

3

assistants, interpreters, office personnel and employees of defense counsel.

6. The parties further move that the Government and the defendants, the defendants, their defense counsel, and their paralegals, law clerks, secretaries, experts, investigators, assistants, interpreters, office personnel and employees shall not disclose the substance of any discovery material, unless such material is already a matter of public record, to representatives of the media or other third parties not involved in any way in the investigation or prosecution of the case.

7. The parties further move and agree that nothing contained herein shall prevent the Government, or any defendant or their counsel, from disclosing such discovery material to any other attorneys working for the Government, the defendants or their counsel agents (federal, state or local), paralegals, law clerks, secretaries, experts, investigators, assistants, office personnel, employees, and any other person who is working for the Government or the defendants and their counsel (collectively referred to as "assistants") in the investigation or preparation of this case or, with respect to the Government and its assistants only, in other criminal investigations, without prior court order. Further, nothing contained herein shall preclude the Government, defendants or their counsel, or their respective assistants from conducting an investigation of the facts of this case on behalf of the Government or said defendants, or with respect to the Government and its assistants only, from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by said discovery materials, or from taking statements from witnesses disclosed by said

discovery materials, or from asking said witnesses if they themselves have made prior statements to the Government that are disclosed in the discovery materials, and about the contents of such statements. In connection with any such investigation, it shall not be necessary that the Government, the defendants or their counsel, or their respective assistants, obtain prior permission of this Court.

8. The parties jointly move and agree that, should counsel withdraw or be disqualified from participation in this case, any material received and any copies derived therefrom, shall be returned to the Government within 10 days.

9. Finally, the parties jointly move and agree that each counsel shall be required to communicate the substance of this order and explain it to their clients and assistants before disclosing the substance of the discovery to their clients or assistants.

SO MOVED.

Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

Dated: September 21, 2020        /s/ *Timothy F. Salel*
                                 TIMOTHY F. SALEL
                                 Assistant U.S. Attorney


Dated: September 21, 2020        /s/ *Leila W. Morgan*
                                 LEILA W. MORGAN
                                 Federal Defenders of San Diego, Inc.
                                 Attorney for GREY ZAMUDIO