UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREY ZAMUDIO,<br><br>Defendant. | Case No. 20cr2451-WQH<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

Having reviewed the foregoing Motion of the United States for Issuance of a Preliminary Order of Criminal Forfeiture and good cause appearing,

The Motion is hereby GRANTED. The Court makes the following findings, conclusions and orders.

1. On or about August 14, 2020, an Indictment was returned against the above-named Defendant, GREY ZAMUDIO ("Defendant"). Count 1 of the Indictment charged that the Defendant knowingly received and possessed a firearm not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d), 5845(a)(3), 5845(a)(7), and 5871, and alleged criminal forfeiture pursuant to 26 U.S.C. § 5872 and 28 § 2461 (c).

2. On December 1, 2020, the Defendant pled guilty before Magistrate Judge Andrew G. Schopler to Count 1 of the Indictment, consented to the forfeiture allegations of the Indictment, and agreed to forfeit all rights, title, and interest in the

following, which Defendant admitted were properties involved in the offense to which he entered his guilty plea, and forfeitable pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461 (c):

- Olympic Arms Inc(SGW Enterprises & Safari Arms) MFR Rifle CAL: 223 SN: WZ1613
- Suspected Silencer bearing no manufacturer's markings or serial number; tan in color with nylon sleeve MODEL: Unknown, CAL: Unknown, SN: Unknown
- Suspected Silencer bearing no manufacturer's markings or serial number; black in color, MODEL: Unknown, CAL: Unknown, SN: Unknown.

On December 21, 2020, this Court accepted the guilty plea of Defendant.

3. By virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States established the requisite nexus between the forfeitable properties and the offense.

4. By virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 26 U.S.C. § 5872, 28 U.S.C. § 2461 (c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

5. Pursuant to Rule 32.2(b), the United States has requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court.

6. The United States, has submitted the Order herein to the Defendant through his attorney of record, to review, and no objections have been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant GREY ZAMUDIO in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

//

- Olympic Arms Inc(SGW Enterprises & Safari Arms) MFR Rifle CAL: 223 SN: WZ1613
- Suspected Silencer bearing no manufacturer's markings or serial number; tan in color with nylon sleeve MODEL: Unknown, CAL: Unknown, SN: Unknown
- Suspected Silencer bearing no manufacturer's markings or serial number; black in color, MODEL: Unknown, CAL: Unknown, SN: Unknown.

2. The aforementioned forfeited assets are to be held by U.S. Alcohol, Tobacco, Firearms and Explosives in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and

extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the above-referenced assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

Dated: January 19, 2021

Hon. William Q. Hayes
United States District Court