RANDY S. GROSSMAN
Acting United States Attorney
Jonathan I. Shapiro
Assistant U.S. Attorney
California Bar No.: 268954
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8225
Email: jonathan.shapiro@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20cr2451-WQH |
|---|---|
| v. | **UNITED STATES' MEMORANDUM OF LAW REGARDING RECOMMENDED CONDITIONS OF SUPERVISION** |
| GREY ZAMUDIO, | Date: July 19, 2021 |
| Defendant. | Time: 9:00 a.m. |

On June 21, 2021, the Court ordered the United States to provide legal support for the recommended conditions of supervision proposed by the Probation Department in the presentence report filed in this matter. The United States files this memorandum as directed.

Title 18 United States Code, section 3583(d), governs the conditions of supervised release. In addition to prescribing mandatory conditions of release, the statute gives the Court discretion to impose additional conditions of supervised release. The Court may impose any discretionary condition listed in § 3563(b) and "any other condition it considers to be appropriate . . . ." 18 U.S.C. § 3583(d). The discretionary conditions listed in § 3563(b) include the condition that a defendant "refrain from frequenting specified kinds of places or from associating unnecessarily with specified persons." 18 U.S.C. § 3563(b)(6).

As noted, the Court has discretion to impose any appropriate condition, so long as each condition:

> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)

18 U.S.C. § 3583(d). Section 3553(a) provides, in pertinent part:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Construing this statutory framework, the Ninth Circuit has held: "In short, conditions are permissible if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and 'involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release.'" United States v. Rearden, 349 F.3d 608, 618 (9th Cir. 2003) (quoting United States v. T.M., 330 F.3d 1235, 1240 (9th Cir. 2003)). Reiterating that the three goals of deterrence, protection of the public, and rehabilitation "frame our analysis" when imposing conditions of supervised release, the Ninth Circuit "recognized the flexibility and considerable discretion the district courts exercise to impose conditions of supervised release, up to and including limits upon the exercise of fundamental rights." United States v. Gementera, 379 F.3d 596, 600-01 (9th Circ. 2004). See also United States v. Ross, 476 F.3 719, 721 (9th Cir. 2007) ("We have frequently permitted restrictions on supervised release that infringe on fundamental rights, including First Amendment rights."); (United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991) ("The sentencing judge has broad discretion in setting probation conditions,

including restricting fundamental rights."). "[R]estrictions infringing upon fundamental rights are 'reviewed carefully.'" United States v. Johnson, 626 F.3d 1085, 1090 (9th Cir. 2010).

"[A] condition of supervised release need not relate to the offense as long as the condition satisfies the goal of deterrence, protection of the public, or rehabilitation." Rearden, 349 F.3d at 619. See also United States v. Blinkinsop, 606 F.3d 1110, 1119 (9th Cir. 2010) ("'A condition of supervised release does not have to be related to the offense of conviction,' because the sentencing judge is statutorily required 'to look forward in time to crimes that may be committed in the future' by the convicted defendant." (quoting United States v. Wise, 391 F.3d 1027, 1031 (9th Cir.2004))).

The statutory framework and caselaw make clear that the Court has broad discretion to impose conditions of supervised release, so long as the Court can articulate a basis establishing that the condition is reasonably related to the goal of deterrence, rehabilitation of the defendant, or protection of the public, and the condition does not involve a greater deprivation of liberty than is reasonably necessary.

**Conditions ##4, 10 and 11: (i) not possess extremist propaganda, (ii) not associate with white supremacists, (iii) not wear insignias of white supremacy group**

In Ross, defendant was convicted of making a false statement or representation regarding the acquisition of a firearm in violation of 18 U.S.C. § 924(a)(1)(A). 476 F.3d at 720. Based on the defendant's "apparent white supremacy philosophy," the Court imposed the following special condition of supervised release:

> You shall not associate with known neo-Nazi/white supremacist members, known neo-Nazi/white supremacist affiliates, or any other organization that advocates engaging in criminal activity or overthrowing the United States government. In addition, you shall not possess neo-Nazi/white supremacist paraphernalia.

Id. at 721. Defendant challenged this condition on appeal, arguing that it was vague and overbroad.

The Ninth Circuit rejected the defendant's challenge. The <u>Ross</u> court reiterated the limitations on the imposition of conditions of supervised release, that is, that they be "'reasonably related' to the goals of deterrence, protection of the public, and rehabilitation of the offender." <u>Id.</u> (citing 18 U.S.C. §§ 3583(d)(1) and 3553(a)). Under the circumstances of the case, the Ninth Circuit had "no difficulty understanding from the record why the district judge believed that the interests of rehabilitation and public safety would be served by separating Ross from neo-Nazi/white supremacist influences." <u>Ross</u>, 476 F.3d at 722. The Ninth Circuit noted that "[s]pecial conditions 'may seek to prevent reversion into a former crime-inducing lifestyle by barring contact with old haunts and associates, even though the activities may be legal.'" <u>Id.</u> (quoting <u>United States v. Bolinger</u>, 940 F.2d 478, 480 (9th Cir. 1991)). The <u>Ross</u> court rejected the defendant's argument that the condition was too broad or constitutionally vague. 476 F.3d at 722-23. Indeed, the Ninth Circuit specifically noted that the special condition provided the defendant with notice that he was barred "from possessing a neo-Nazi uniform (combat boots, arm bands with swastikas, t-shirts with symbols), or neo-Nazi and white supremacist hate music and racist, Nazi-related propaganda containing 'overt messages of racial hatred.'" <u>Id.</u> at 723. <u>See also</u> <u>United States v. Schave</u>, 186 F.3d 839, 843-44 (7th Cir. 1999) (against defendant's claim that release condition was unconstitutionally vague, affirming condition that defendant not associate with white supremacist groups or organizations that pursue their aims through violent means); <u>United States v. Showalter</u>, 933 F.2d 573, 576 (7th Cir.1991) (in case where defendant was convicted of possessing an unregistered firearm, upholding a condition of supervised release that the defendant not participate or associate with skinhead or neo-Nazi organizations); <u>Bolinger</u>, 940 F.2d at 480-81 (in case where defendant was convicted of being a felon in possession of a firearm, upholding a condition of supervised release forbidding defendant from participating in any motorcycle clubs, including a specific club); <u>United States v. Schiff</u>, 876 F.2d 272, 276 (2d Cir.1989) (condition forbidding parolee from "associat[ing] with any group that advocates non-compliance with the tax laws" not

vague or overbroad); <u>Malone v. United States</u>, 502 F.2d 554, 555 (9th Cir.1974) (upholding conditions of probation on a defendant who was convicted of unlawful exportation of firearms from the United States to the United Kingdom, forbidding him from: participating in any American Irish Republican movement, belonging to any Irish organization, participating in any Irish Catholic organization, visiting any Irish pubs, and accepting employment that would directly or indirectly associate him with any Irish organization). <u>But cf</u> <u>United States v. Soltero</u>, 510 F.3d 858, 866-67 (9th Cir. 2007) (upholding condition forbidding defendant from associating with any known member of any criminal street gang but holding that condition prohibiting defendant from associating with any known member of a "disruptive group" was too broad (possibly including members of a labor union or sports fans) and therefore was not reasonably related to goals of protecting the public or rehabilitation).

Regarding possessing or displaying insignia representing a white supremacy group, the Ninth Circuit has upheld similar conditions in the criminal street gang context. <u>See Johnson</u>, 626 F3d at 1090 (9th Cir. 2010) (upholding "restriction on wearing or displaying gang insignia"); <u>Soltero</u>, 510 F.3d at 865 (upholding condition prohibiting the defendant from displaying or possessing "any insignia, emblem, button, badge, cap, hat, scarf, bandana, jewelry, paraphernalia, or any article of clothing which may connote affiliation with, or membership in the Delhi gang").

In this case, Defendant possessed the Turner Diaries, and he marked his tools and weapons with the Nazi "SS" lightning bolt symbol. PSR at ¶ 14. The Turner Diaries is a novel that depicts a race war in the United States that leads to the extermination of non-whites. Defendant was a member of the "Shadow Moses" text group, which was apparently a forum for members to discuss violence against minorities and included discussions that reflected an ideology that viewed blacks as sub-human. PSR at ¶ 21. Defendant made comments that he planned to attend a BLM demonstration to "smash on some BLM." PSR at ¶ 141.

**Condition #12: not knowingly be present in locations where white supremacists gather**

Section 3563(b)(6), specifically allows the Court to impose a condition that requires a defendant to "refrain from frequenting specified kinds of places . . . ."

In United States v. Phillips, 704 F.3d 754, 767 (9th Cir. 2012), the defendant was convicted of fraud and money laundering charges, and the district court imposed a condition of supervised release "prohibiting [defendant] from 'frequent[ing] places where controlled substances are illegally sold, used, distributed, or administered.'" The defendant challenged this condition, arguing that the condition was vague and overbroad and would prohibit him from visiting many neighborhoods in Seattle. Id.

The Phillips court rejected the defendant's challenge. The Ninth Circuit noted that a "condition of supervised release violates due process 'if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" (quoting United States v. Soltero, 510 F.3d 858, 866 (9th Cir.2007)). The Ninth Circuit concluded "that a reasonable person would understand that the prohibition on 'frequent[ing] places' where illegal drugs are used or sold prohibits [defendant] from *knowingly* going to a specific place where drugs are illegally used or sold, but that it does not prohibit him from living in Seattle or going to a given neighborhood simply because a person is selling drugs somewhere within that neighborhood." Phillips, 704 F.3d at 768 (emphasis in original) (citing United States v. King, 608 F.3d 1122, 1128 (9th Cir.2010) (noting that violations of supervision conditions "require an element of mens rea "). See also United States v. Ly, 650 Fed.Appx. 503, 507 (9th Cir. May 25, 2016) (holding that supervised release condition was not unconstitutionally vague where defendant was prohibited from "*knowingly*" frequenting places where controlled substances may be found) (emphasis in original); United States v. Daniels, 541 F.3d 915, 928 (9th Cir. 2008) (for defendant convicted of possessing child pornography, upholding supervised release condition preventing defendant from "loitering around or living near areas where children frequent"); United States v. Schwartz,

2019WL6918373 at *6 (E.D. Cal. Dec. 19, 2019) (for defendant convicted of conspiracy to receive and distribute child pornography, concluding that "banning Defendant from 'places primarily used by children' [was] reasonably related to public protection and rehabilitation.")

DATED: June 30, 2021         Respectfully submitted,

                             RANDY S. GROSSMAN
                             Acting United States Attorney

                             *s/ Jonathan I. Shapiro*
                             JONATHAN I. SHAPIRO
                             Assistant United States Attorney